O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER SHAWN CONDEE, | ) | CASE NO. CV 14-9332 PA (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| SHERIFF JIM MCDONNELL, ET AL., | ) | |
| Defendants. | ) | |

The *pro se*, *in forma pauperis* plaintiff is imprisoned in the Los Angeles County jail.  He claims that in September and November of 2014, the County sheriff himself and unnamed "Deputies and Staff" of the jail did "not house[] me right" were "not . . . professional with my medical and safety concerns."   The Court will dismiss his civil rights complaint, with leave to amend, because Plaintiff –

(1)     fails to assert a cognizable claim based on any federal law (and, thus, fails to support this Court's subject matter jurisdiction);

(2)     appears to seek vicarious liability against Sheriff Jim McDonnell, who did not assume office until December 1, 2014, after the alleged abuses;

(3)     sues an undifferentiated mass of unnamed, unnumbered "Deputies and Staff"; and

(4)     sues all defendants solely in their official capacity, even though his theory instead appears to be one of *individual*-capacity liability.

# I.

## THE COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* FILINGS

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting, and including original emphasis from, *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that *Twombly* effectively required more definite pleading of evidentiary facts, as opposed to conclusions or boilerplate. A court weighing dismissal in a civil rights action must determine whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights[.]" *Id.* at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citation omitted) (quoting *Twombly*, *supra*, 550 U.S. at 555, 557) (brackets as in *Iqbal*).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A dismissal with leave to amend is a non-dispositive

matter within the purview of a Magistrate Judge.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.

### PLAINTIFF ASSERTS NO FEDERAL LEGAL CLAIM

Plaintiff neither makes clear what legal claim(s) he is asserting nor indicates what federal law supplies the basis for his claim(s).  Although he is aggrieved, for example, that he did not receive better medical care at the jail, he asserts nothing that the Court recognizes as a legal claim, let alone a federal one, such as "deliberate indifference to serious medical needs in violation of the Eighth or Fourth Amendment" or "housing me in conditions so poor as to violate my constitutional rights."  In any amended complaint, Plaintiff must specify such a federal legal basis for each claim.

Also in any amended complaint, Plaintiff must state his claims separately, each identifying a discrete alleged violation of the Constitution or other law.  FED. R. CIV. P. 10(b) ("Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.").  As the Ninth Circuit has explained, separating the complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Should Plaintiff choose to amend his complaint, then he must assert separately-captioned claims (Claim 1, Claim 2, etc.), instead of combining a narrative

about all of the alleged wrongs under a single "Claim 1" heading.  In each claim, Plaintiff shall specify –

(1)     the specific federal law or tort provision allegedly violated;

(2)     the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim*; and

(3)     which of the numerous defendants Plaintiff targets in that specific claim.  Plaintiff may not simply refer to "Defendants" within each claim, unless he truly blames every single one of them *in that specific claim*.

For example, to state a deliberate indifference claim, Plaintiff must competently allege facts based upon which one reasonably could conclude that each targeted defendant (1) was subjectively aware of (i.e., believed) his serious medical needs and (2) responded in a deliberately indifferent manner.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (mere negligence in diagnosing or treating a prisoner's medical condition does not constitute deliberate indifference).

## III.

## PLAINTIFF IMPROPERLY SEEKS VICARIOUS LIABILITY

        The only named defendant is Sheriff McDonnell, but Plaintiff alleges no acts or omissions by McDonnell.  It thus appears Plaintiff seeks to make the sheriff vicariously liable.  Supervisory officials may not be vicariously liable in a federal civil rights action.  Rather, supervisors are liable for their subordinates' constitutional wrongs only if (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001); *see also Iqbal, supra*, 556 U.S. at 676.  Moreover, regardless of any defendant's supervisorial status, *Twombly* and *Iqbal, supra*, require a complaint to present sufficient factual allegations to show a "plausible" claim for relief.  *Twombly/Iqbal* "teaches that a defendant should not be required to

undergo costly discovery unless the complaint contains enough detail . . . to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008). Thus, Plaintiff must omit McDonnell – who, again, was not even the Sheriff at the time of the alleged wrongdoing – from any amended complaint absent competent allegations of his personal involvement and/or his having caused the violation.

## IV.

### PLAINTIFF CANNOT SUE "DEPUTIES AND STAFF" AND INSTEAD MUST SUE INDIVIDUAL, NAMED PERSONS

Plaintiff may not simply sue unknown wrongdoers as "Deputies and Staff." Among other problems with this approach, it renders impossible the task of serving any of the "Staff" with process, for the process server delivers papers to each individual to be sued. *See generally* FED. R. CIV. P. 4(e)(2) (requiring delivery of complaint and summons, by one means or another, "to the individual" being sued). If Plaintiff wishes to sue various individuals but does not know their names, then he may sue them – if only as a temporary measure – as John or Jane Does, although he must describe such Does adequately to permit their identification, e.g., "Jane Doe #1, a white female, was the nurse on duty in my section of hospital at 11:00 p.m. on May 6, 2014." (To support a deliberate indifference claim, as noted above, he also must include factual allegations showing (1) how such individuals subjectively knew that Plaintiff had serious medical needs and (2) how their actions or omissions, after they realized Plaintiff's needs, demonstrated their deliberate indifference.)

## V.

### PLAINTIFF SUES DEFENDANTS SOLELY IN THEIR OFFICIAL CAPACITY BUT APPEARS TO PRESENT AN INDIVIDUAL-WRONGDOING CASE

Plaintiff's theory of liability (other than as to McDonnell), stated briefly, is that each of the various "Deputies and Staff" violated his rights by failing to adhere to

proper, constitutional policies.  Such is an *individual*-liability view, yet Plaintiff sues all Defendants in their *official* capacity only.  If Plaintiff were arguing that he was injured because the jail had an unconstitutional policy or entrenched practice about inmates' medical care and housing (and that the staff were simply following the wrongful policy), then he should seek official-capacity liability.  But he is not arguing this.  In any amended complaint, Plaintiff should name the individual defendants in their individual capacity if he contends that they failed to follow a proper jail policy in their dealings with him. If he contends that the jail policies or practices were the moving force causing his injuries, then he may sue one and only one County employee in his or her official capacity.

# VI.

## CONCLUSION

Based on the foregoing, the Court hereby DISMISSES the complaint, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1)   **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2)   **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order.  If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park*, *Inc*., 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)   **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then

the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:     1/9/15

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE